# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMES R. TURNER,

     Plaintiff,

v.              Case No. 24-CV-856-JPS

JOAN M. HANNULA, MD and AMY
DENNEAU, APNP,      **ORDER**

     Defendants.

Plaintiff James R. Turner, an inmate confined at Fox Lake Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights by failing to provide him adequate medical treatment. On September 27, 2024, the Court screened Plaintiff's complaint, found that it failed to state a claim, and allowed him the opportunity to file an amended complaint. ECF No. 7. On October 16, 2024, Plaintiff filed a supplemental amended complaint. ECF No. 8. This Order screens the amended complaint.

## 1.  FEDERAL SCREENING STANDARD

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil

Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## 2.    PLAINTIFF'S ALLEGATIONS

Plaintiff brings this case against Defendants Joan M. Hannula, MD ("Hannula") and Amy Denneau, APNP ("Denneau"). ECF No. 8 at 1–2. On October 18, 2018, Hannula changed Plaintiff's medication from simvastatin to atorvastatin because Plaintiff was complaining about muscle pain. *Id.* at 2. Hannula saw Plaintiff again in 2019 and 2020 and Plaintiff remained on atorvastatin. *Id.* On November 15, 2022, Tracy Vellema issued Plaintiff hydrocortisone for itching. *Id.*

On November 30, 2022, Denneau kept Plaintiff on atorvastatin. *Id.* Plaintiff told her that none of his medications helped with his itchy groin area. *Id.* Plaintiff continued to receive atorvastatin from Denneau through 2023. *Id.* at 3. In June 2023, a nurse at Waupun Memorial Hospital told Plaintiff that he was allergic to statins medications. *Id.* Plaintiff wrote back to Fox Lake Corrections to ask if he was in fact allergic to statins. *Id.* Plaintiff received a response that he was allergic to simvast 20mg. *Id.*

On December 11, 2023, Plaintiff wrote a request to receive an order that he is allergic to statins. *Id.* On December 12, 2023, Plaintiff received a response that said the only thing on file was that simvastatin caused muscle pain and that it did not include all statins. *Id.* Plaintiff maintains that Hannula and Denneau breached their medical duties by prescribing him medication that he was allergic to. *Id.*

3.    ANALYSIS

The Court finds that Plaintiff may not proceed against Defendants on an Eighth Amendment deliberate indifference claim for their indifference to Plaintiff's serious medical need. The Eighth Amendment secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (internal quotation omitted). Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,' i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–63 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)). Deliberate

indifference requires "[s]omething more than negligence or even malpractice." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014).

Here, as previously described in the initial screening order, the Court does not find that Plaintiff states sufficient factual allegations to proceed against Defendants for an Eighth Amendment deliberate-indifference claim. Plaintiff alleges that Defendants were negligent in prescribing him medication he was allergic to because they failed to look at his medical files. Plaintiff does not, however, allege that he ever told either Defendant that the medicines were negatively affecting him. As currently pled, Plaintiff's allegations at most show negligence or malpractice, but nothing indicates that Defendants were aware of or intentionally gave him a medication that caused allergic reactions. Plaintiff may state a state-law negligence claim; however, in the absence of a federal claim, the Court cannot exercise supplemental jurisdiction over a state-law negligence claim.

### 4.    CONCLUSION

In sum, the Court finds that the amended complaint fails to state a claim upon which relief may be granted. Plaintiff was already provided the opportunity to amend his complaint based on the Court's guidance in the prior screening order, and he failed to amend his factual allegations in any meaningful way. The Court therefore finds that further amendment would be futile. *See Runnion ex rel. Runnion v Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). As such, the Court will dismiss this case without prejudice for a lack of subject-matter jurisdiction, and Plaintiff may choose to pursue a negligence claim in state court.

Accordingly,

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** for a lack of subject-matter jurisdiction.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 18th day of November, 2024.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed a "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.